**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RICARDO REVILLA, individually and on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. __________** |
| | § | |
| **RAILWORKS TRACK SERVICES, INC.,** | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**

Now comes Ricardo Revilla ("Plaintiff Revilla" or "Revilla") on behalf of themselves and on behalf of the class that Plaintiff seeks to represent (collectively the "Putative Class" or the "Putative Class Members"), bring this action against Railworks Track Services, Inc. ("Defendant" or "Railworks") a corporation doing business in the State of Illinois, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I. INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all individuals who have worked for Defendant, have been based out of Illinois, and have not been paid all overtime wages owed in violation of the federal Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law. Defendant has not paid its employees for all hours

worked, and the unpaid hours are overtime hours for which the employees are owed time-and-a-half.

**II.**
**JURISDICTION AND VENUE**

2. Plaintiff's claims arise under the federal Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims under the Illinois Minimum Wage Law 820 ILCS § 105 *et seq*. As with his FLSA claims, Plaintiff must show that he was not paid overtime pay for all hours worked. As such, the claims arise "from a common nucleus of operative fact." *See United Mine Works of Am. V. Gibb*s, 383 U.S. 715, 725 (1966).

4. Defendant Railworks is a for-profit corporation doing business in the State of Illinois. This Court has personal jurisdiction over Defendant Railworks.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Illinois because a substantial portion of the events forming the basis of this suit occurred in the Northern District of Illinois.

**III.**
**PARTIES**

7. Plaintiff Ricardo Revilla is an adult individual residing at 4676 W. 21St, Cicero, IL 60804 and has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff Revilla's signed consent form is attached as **Exhibit A.**

9. Defendant Railworks is a foreign corporation doing business in the State of Illinois and is registered with the Illinois Secretary of State and can be served through

its registered agent, Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

10. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiff's Illinois Minimum Wage Law claims are asserted as a class action pursuant to Fed. R. Civ. P. 23.

## IV. FACTUAL ALLEGATIONS

12. Defendant Railworks is a private corporation specializing in railroad track construction and maintenance service, which conducts business across the United States.

13. During all times material to this complaint, Defendant has engaged employees, including Plaintiff and the Putative Class Members, in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level) by operating a railway track maintenance and construction company.

14. During all times material to this complaint, Defendant has been an "employer" and "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 203, and Plaintiff and the Putative Class Members were "employees" of Defendant within the meaning of 29 U.S.C. §203(e) and the 820 ILCS § 105 *et seq.* and were not otherwise exempt from the protections of the FLSA or the Illinois Minimum Wage Law.

15. During all times material to this complaint, Defendant Railworks has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16. During all times material to this complaint, Plaintiff and the Class members have been employees pursuant to 820 ILCS § 105 *et seq.* and were employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. During all times material to this Complaint, Defendant has been engaged in interstate commerce within the meaning of the FLSA and the Illinois Minimum Wage Law.

18. During all times material to this Complaint, Defendant has, as a matter of economic reality, employed Plaintiff and the Class members in the State of Illinois in matters relating to railway track construction and maintenance.

13. During all times material to this Complaint, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

14. During all times material to this Complaint, Plaintiff and the Class Members have been individual employees who have been engaged in commerce as required by the FLSA.

## V.
## INDIVIDUAL & CLASS ALLEGATIONS

15. During all times material to this Complaint, Defendant has been subject to the requirements of the FLSA and the Illinois Minimum Wage Law.

16. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

17. During all times material to this Complaint, Plaintiff and the Class Members performed job duties for Defendant of primarily manual in nature, including constructing and repairing railroads and railway tracks.

18. During all times material to this complaint, Plaintiff and the FLSA Class Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. § 541.0, *et seq*.

19. Plaintiff Revilla worked for Defendant during the time period between approximately December 2008 and approximately December 2014 as a Laborer and Leadman.

20. Defendant maintains an office located at 512 Twin Rail Drive, Suite 400, Minooka, Illinois 60447. During all times material to this Complaint, Defendant has required Plaintiff and the Class members to report to and perform work at this location.

21. During all times material to this Complaint, Plaintiff and the Class members have all resided in Illinois and have worked in Illinois on a regular basis. In addition to requiring Plaintiff and the Class members to perform work in the State of Illinois, Defendant also employed Plaintiff and the Class members to perform work in states throughout the nation including, but not limited to Indiana, Wisconsin, and Michigan.

22. During all times material to this Complaint, Defendant through the course of its business has required Plaintiff and the Class members to travel to and perform work at remote job sites and work locations within the State of Illinois and in other states throughout the nation.

23. During all times material to this Complaint, Defendant has regularly required Plaintiff and the Class members to work between approximately 40 hours to approximately 70 hours in a workweek.

24. During all times material to this Complaint, Defendant has paid Plaintiff and the Class members on an hourly basis for the labor which they performed at the sites of their assigned projects and for their travel time to the job sites.

25. During all times material to this Complaint, Defendant, although compensating Plaintiff and the Class members for the time they have spent travelling to job locations, has required Plaintiff and the Class members to travel back to their home locations without providing Plaintiff and the Class members with any compensation.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff repeats the allegations set forth in the above Paragraphs and incorporate them herein by reference.

27. Plaintiff brings a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated individuals who are part of the following class:

> All individuals employed by Defendant or its predecessors or successors in the state of Illinois as Laborers, Operators, Leadmen or Foremen and other employees in similar job positions at anytime from October 10, 2014, through and including the present and until the final resolution of the case, and who have not been paid all overtime wages for all hours worked in excess of forty (40) in a workweek (hereinafter the "FLSA Collective Action Class" or the "FLSA Class").

28. Collective action treatment of Plaintiff's and the FLSA Class members' claims is appropriate because Plaintiff and the FLSA Class members have been subjected to the same common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant paid Plaintiff and the FLSA Class members overtime wages for all hours worked in excess of forty (40) in a workweek.

29. Plaintiff and the FLSA Class members have been similarly affected by the violations of the Defendant in workweeks during the relevant time period, which amount to a single decision, policy or plan to avoid paying all earned minimum wages.

30. Plaintiff is similarly situated to FLSA Class members and will prosecute this action vigorously on their behalf.

31. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the FLSA Class is entitled.

## ILLINOIS CLASS ACTION ALLEGATIONS

32. Plaintiff and the Class members repeat the allegations set forth in the above Paragraphs and incorporate them herein by reference.

33. In addition to the FLSA collective action, Plaintiff and the Class members bring a class action, pursuant to Federal Rule of Civil Procedure 23, to represent a class that is similarly defined as:

> All individuals employed by Defendant or its predecessors or successors in the state of Illinois as Laborers, Operators, Leadmen or Foremen and other employees in similar job positions at anytime from October 10, 2014 through and including the present and until the final resolution of the case, and who have not been paid all overtime wages, in conformity with 820 ILCS § 105/4a, for all hours worked in excess of forty (40) in a workweek (hereinafter the "Illinois Class").

34. Class action treatment is appropriate, as summarized in Paragraphs 35-41 below, because all of Rule 23's requirements are satisfied.

35. The Illinois Class is so numerous that joinder of all class members is impracticable.

36. Plaintiff believes Defendant has employed approximately more than 150 persons who have been subject to the Defendant's common and unlawful practices.

37. Plaintiff is a class member and his claims are typical of the claims of the Illinois Class members, and has no interests that are antagonistic to or in conflict with the interests of other class members.

38. Plaintiff will fairly and adequately represent the Illinois Class members and their interests and he has retained competent and experienced counsel who will effectively represent the class members' interests.

39. Questions of law and fact are common to all Illinois Class members.

40. Common questions of law and fact predominate over questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of the Illinois Class members' claims.

## VI.
## FIRST CLAIM FOR RELIEF
## (VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA)

42. Plaintiff and the FLSA Class members repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

43. The FLSA requires that employees receive overtime pay of "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek, *see* 29 U.S.C. § 207(a)(1), and employees paid on a job-rate basis are entitled to such overtime premium pay, *see, e.g.*, 29 C.F.R. § 778.112.

44. At all times material to this Complaint, Plaintiff and the Class members were "employees" within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

45. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(d), 203(s) and 207(a).

46. At all times material to this Complaint, Defendant has suffered or permitted Plaintiff and the FLSA Class members to work for them as Laborers, Foremen, Leadmen or Operators.

47. Defendant has failed to pay Plaintiff and the FLSA Class members the overtime wages to which they are entitled under the FLSA for their time spent traveling from job locations back to their home locations.

48. Time spent by an employee in travel as part of their principal activity, such as travel from job site to job site during the workday, is work time and must be counted as hours worked. 29 C.F.R. §§ 785.37-785.41.

49. Defendant has willfully and recklessly violated the FLSA with respect to Plaintiff and the FLSA Class members by failing to pay them the required overtime premium.

50. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

51. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Class members suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201, *et seq*.

52. As a result of the unlawful acts of Defendant, Plaintiff and the FLSA Class members have been deprived of overtime compensation and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to the FLSA.

## VII.
## SECOND CLAIM FOR RELIEF
## (OVERTIME VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW)

53. Plaintiff and the Illinois Class members repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

54. The Illinois Minimum Wage Law states that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate

not less than 1 ½ times the regular rate at which he is employed." 820 ILCS § 105/4a.

55. During all times material to this Complaint, Plaintiff and the Illinois Class members have been employed by Defendant, and Defendant has been an employer covered by the overtime requirements under the Illinois Minimum Wage Law.

56. During all times material to this Complaint, Plaintiff and the Illinois Class members have worked in excess of forty (40) hours in multiple given work weeks, but have not been paid overtime wages at a rate of one and a half (1.5) times their regular rate for a portion of these hours that they spent traveling back to their home locations from remote job locations.

57. Defendant's conduct and practice, described herein, was willful, intentional, unreasonable and in bad faith.

58. As a result of the foregoing violations, Plaintiff and the Illinois Class members were illegally deprived of overtime compensation earned, in such amount to be determined at trial, and is entitled to recovery to all unpaid amounts, reasonable attorney's fees and costs, damages of two percent (2%) of the amount of any underpayments of overtime compensation for each month following the date of payment during which such payments remain partially or wholly unpaid, pursuant to 820 ILCS § 105/12.

59. The Illinois Compiled Statutes (ILCS) require employers to make, keep, and retain records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and the Illinois Class members are entitled to review the relevant records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant keeping these records as required by law,

Plaintiff and the Class members are entitled to submit their information about the number of hours worked.

**PRAYER FOR RELIEF**

A. Awarding to the Plaintiff and the Class members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by FLSA;

B. Awarding Plaintiff and the Class members compensation for unpaid wages, interest in the amount of two (2) percent of the amount of any underpayments of overtime compensation for each month following the date of payment during which such payments remain partially or wholly unpaid, and any and all other relief available pursuant to 820 ILCS 105 *et seq*:

C. Awarding Plaintiff and the Class members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

D. An order of injunctive relief ordering Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA, Illinois Minimum Wage Law and related laws and regulations;

E. An order directing Defendant at its own expense, to investigate and account for the number of hours actually worked by Plaintiff and all FLSA Collective Class and Illinois Class Members;

F. An order directing Defendant to supply to Plaintiff's counsel the names and last known home addresses of all members of the proposed FLSA Class members and Illinois Class Members, so that Plaintiff may send to them notice of this

collective and class action;

G. A declaratory judgment that Defendant's wage practices alleged herein have violated the Illinois Minimum Wage Law;

H. An order pursuant to 820 ILCS § 105/8 permitting Plaintiff and/or his representative(s) to inspect the records of hours worked by and wages paid to the Plaintiff and the Class Members by Defendant during the relevant time period;

I. An order prohibiting Defendant from engaging in future violations of the FLSA, the 820 ILCS 105 *et seq.*; and

J. Awarding Plaintiff and the Class members such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Date: October 10, 2017

Respectfully submitted,

*(Lead Counsel)*

Trent R. Taylor (*pro hac vice* pending)
Robert E. DeRose (*pro hac vice* pending)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: ttaylor@barkanmeizlish.com
bderose@barkanmeizlish.com

-AND-

(*Local Counsel*)

/s/ *Jason T. Brown*
Jason T. Brown
JTB LAW GROUP, LLC
jtb@jtblawgroup.com
500 North Michigan Avenue
Suite 600
Chicago, IL 60611
Tel: (877) 561-0000
Fax: (855) 582-5297

*Attorneys for Plaintiff*